[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 20, 2010
JOHN LEY
CLERK

No. 10-11668
Non-Argument Calendar
_____

Agency No. A099-646-493


GUIDO ROBERT TORRES-DIAZ,
MERLY PATRICIA ARROYO,
ANDREA CAROLINA TORRES-ARROYO,
ROBERT ANDRES DE JESUS TORRES-ARROYO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 20, 2010)

Before TJOFLAT, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Petitioners are natives and citizens of Colombia, S.A. They petition this court to review the decision of the Board of Immigration Appeals ("BIA") dismissing their appeal of the decision of an Immigration Judge ("IJ") which, in addition to ordering their removal, denied their applications for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").[1] The issues they present are (1) whether substantial evidence supports the IJ's and the BIA's finding that the testimony of Petitioner Torres-Diaz, the only person who testified at Petitioners' removal hearing, was not credible, and (2) whether he failed to show past persecution or a well-founded fear of persecution based on imputed political opinion.

Addressing the first issue, Torres-Diaz argues that the IJ and the BIA did not provide specific reasons for finding his testimony not credible. As to the second issue, he argues that he sufficiently established that he suffered past persecution from the anti-government guerrillas (FARC) based on his imputed

---

[1] Petitioner Torres-Diaz is the petitioner who applied for asylum and other relief. The other petitioners are his wife and children; they are derivative applicants. Petitioners' brief does not challenge the denial of CAT relief. Their brief contains only two general assertions of entitlement to CAT relief, but no legal argument. The CAT claim was therefore not fully exhausted at the BIA level, and was not adequately presented here; thus, it must be dismissed.

political opinion, and that there is a reasonable possibility that, as a government architect and party member, he would be persecuted or harmed if returned to Colombia. He therefore argues that he met the standards for asylum and for withholding of removal, because he faces a clear probability of future persecution.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Although the BIA in this case did not expressly adopt the IJ's decision, it did affirm and rely on the IJ's decision and reasoning with regard to the adverse credibility determination; thus, we review both the IJ's and BIA's decisions on the credibility issue. *Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1275 (11th Cir. 2009).

To the extent that the decision was based on a legal determination, our review is *de novo*. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247 (11th Cir. 2001). The agency's factual determinations, including credibility and asylum eligibility determinations, are reviewed under the "substantial evidence test." *Kueviakoe v. U.S. Att'y Gen.*, 567 F.3d 1301, 1304 (11th Cir. 2009). We will affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence of record. *Al Najjar*, 257 F.3d at 1284. This standard is "highly deferential." The BIA's decision can be reversed only "if the evidence compels a reasonable fact

finder to find otherwise." *Kueviakoe*, 567 F.3d at 1304 (quotation omitted); *Al Najjar*, 257 F.3d at 1284. Under this test, we "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*). The fact that evidence in the record may also support a conclusion contrary to the administrative findings is not enough to justify a reversal. (*Id.*).

Adverse credibility determinations must be made explicitly. *See Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005) (holding that the IJ must make "clean determinations of credibility."). In asylum applications filed on or after May 11, 2005, an adverse credibility determination may be based on any inconsistency, regardless of whether the inconsistency goes to the heart of the claim. *Tang*, 578 F.3d at 1277; INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's . . . written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made)." 8 U.S.C. § 1158(b)(1)(B)(iii). "The weaker the applicant's testimony, . . . the greater the need for corroborative evidence." *Yang*, 418 F.3d at 1201. "Once an adverse credibility finding is made, the burden

is on the applicant alien to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005) (citations omitted).

If an applicant's testimony is credible, it may be sufficient to satisfy the burden of proof required to establish asylum eligibility. *Kueviakoe*, 567 F.3d at 1304. However, a denial of asylum can be supported solely by an adverse credibility determination. *Id.* at 1304-05.

An alien may qualify for asylum by presenting credible evidence showing "(1) past persecution on account of her political opinion or any other protected ground, or (2) a 'well-founded fear' that her political opinion or any other protected ground will cause future persecution." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230-31 (11th Cir. 2005). "[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, [and] mere harassment does not amount to persecution." *Sepulveda*, 401 F.3d at 1231 (quotation marks and citations omitted); *see also Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1237-38 (11th Cir. 2006) (threatening note, anonymous threatening phone calls, and being shot at by unknown assailants were insufficient to show past persecution based on political opinion); *Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168 (11th Cir. 2008) (concluding that 36-hour detention, beating, and

threat of arrest did not amount to persecution). Protected grounds are race, religion, nationality, membership in a particular social group, or political opinion. *Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 437 (11th Cir. 2004). If substantial evidence supports the finding that an alien suffered particular harms for reasons other than race, religion, nationality, *etc.*, the petition for review will be denied. *See, e.g.*, *Scheerer v. U.S. Att'y Gen.*, 445 F.3d 1311, 1316 (11th Cir. 2006).

If the applicant demonstrates past persecution, there is a rebuttable presumption that he has a well-founded fear of future persecution. 8 C.F.R § 208.13(b)(1). If he cannot show past persecution, then he must demonstrate a well-founded fear of future persecution that is both subjectively genuine and objectively reasonable. *Al Najjar*, 257 F.3d at 1289.

An applicant seeking withholding of removal under the INA similarly must show that his "life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." *See* INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A); *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006). The burden of proof for withholding of removal, however, is "more likely than not," and, thus, is "more stringent" than the standard for asylum relief. *Sepulveda*, 401 F.3d at 1232.

The record before the IJ and the BIA contains substantial evidence to support the IJ's and BIA's respective adverse credibility findings, and their alternative rulings denying petitioners' application for asylum and withholding of removal. The IJ made a clean determination of credibility, specifically citing to several material inconsistencies between the testimony Torres-Diaz gave at the removal hearing and the statements he made in his supporting documents. The IJ based his credibility finding primarily on the events surrounding the motorcycle/shooting incident Torres-Diaz reported, which was the most serious occurrence of alleged persecution. In support of his credibility finding, the IJ specifically identified discrepancies between Torres-Diaz's testimony and the police report generated as a result of Torres-Diaz's complaint to police two days after the purported event. The IJ also cited as further support for his adverse credibility finding Torres-Diaz's demeanor when answering the Government's questions on cross-examination. In sum, the IJ found that, on the most significant aspect of his persecution claim (the shooting), Torres-Diaz's testimony "varie[d] significantly" from the documents presented in support of the claim.

The BIA, discussing at some length these same inconsistencies, found the IJ's adverse credibility finding to be supported by "specific, cogent reasons," and did not constitute an abuse of discretion. Based on the material inconsistencies

cited by the IJ, essentially adopted by the BIA, the record does not compel a finding that Torres-Diaz's testimony was credible. *See Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1230-31 (11th Cir. 2006).

The IJ's and BIA's respective asylum decisions, offered in the alternative, were also supported by substantial evidence. Assuming the accuracy of Torres-Diaz's testimony about threatening phone calls, a threatening letter, and the shooting incident, such harassment did not rise to the level of persecution. *See Silva*, 448 F.3d at 1237-38 (threatening note, anonymous threatening phone calls, and being shot at by unknown assailants were insufficient to show past persecution based on political opinion). Torres-Diaz also provided no evidence linking the shooting incident to FARC or to his own political activities, and thus failed to demonstrate the required nexus even if the incident constituted persecution.

Having failed to show past persecution based on a protected ground, Torres-Diaz was also unable to demonstrate a well-founded fear of future persecution. In this regard, that several members of his family continued to live in his house in Colombia without incident in the ensuing years provides further evidence to support the BIA's and IJ's rulings. *See e.g.*, *Ruiz*, 440 F.3d at 1259 ("Ruiz's claim was contradicted by his testimony that his son and his parents have remained

unharmed in the region of Colombia where Ruiz allegedly was threatened.").

Accordingly, Torres-Diaz has not shown that a conclusion contrary to that reached

by the IJ and BIA is compelled on this record. *See Adefemi*, 386 F.3d at 1027.

Finally, because the BIA's and IJ's asylum rulings are supported by

substantial evidence, the BIA's and the IJ's rulings regarding withholding of

removal are likewise supported. *See Forgue*, 401 F.3d at 1288 n. 4 (where

petitioner fails to meet the requirements for asylum, he necessarily fails to

establish eligibility for withholding of removal).

For the foregoing reasons, the petition for review is denied with respect to

claims for asylum and withholding of removal, and dismissed as to his claim for

CAT relief.[2]

PETITION DENIED IN PART, DISMISSED IN PART.

---

[2] *See supra* note 1.